[No. C048260. Third Dist. Sept. 23, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCUS AURELIUS BUSER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Mary Jo Graves, Assistant Attorneys General, Charles A. French and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, Acting P. J.—In case No. CM021394, defendant Marcus Aurelius Buser pled no contest to receiving stolen property (Pen. Code, § 496, subd. (a); undesignated statutory references are to the Penal Code) and unlawfully driving a vehicle (Veh. Code, § 10851). The court revoked defendant's probation in case No. CM020368, in which defendant had pled no contest to possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and admitted serving two prior prison terms (§ 667.5, subd. (b)).[1]

For both cases the court sentenced defendant to state prison for an aggregate term of four years eight months, calculated as follows: the upper term of three years for receiving stolen property, a concurrent upper term of three years for unlawfully driving a vehicle, a consecutive eight months for possessing a controlled substance, and a consecutive one year for the prior prison term. The court selected the upper term because defendant was on parole and probation when he committed the crimes.

Defendant's sole contention on appeal is that the trial court violated his Sixth Amendment right to a jury trial by imposing an upper term sentence based on facts not proven to a jury beyond a reasonable doubt. We shall affirm the judgment but direct the trial court to correct two clerical errors in the abstract of judgment.

I

██ Citing *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] and *Shepard v. United States* (2005) 544 U.S. 13, [161 L.Ed.2d 205, 125 S.Ct. 1254] (*Shepard*), defendant contends the court's selection of the upper term for his convictions of receiving stolen property and unlawfully driving a vehicle violated his Sixth Amendment right to a jury

---

[1] The court stated that if defendant was later sentenced to prison, only one of the prior prison terms would be used for sentencing purposes.

trial. However, our Supreme Court has recently held "that the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence or consecutive terms under California law does not implicate a defendant's Sixth Amendment right to a jury trial." (*People v. Black* (2005) 35 Cal.4th 1238, 1244 [29 Cal.Rptr.3d 740, 113 P.3d 534] (*Black*).)

■ *Shepard, supra,* 544 U.S. 13 [161 L.Ed.2d 205] also does not support defendant's argument. *Shepard* involved the application of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)), which imposes a 15-year mandatory minimum sentence on any person who, after having been previously convicted of a "violent felony" on three separate occasions, is found guilty of the offense of being a felon in possession of a firearm. (*Shepard, supra,* at pp. 15–16 [161 L.Ed.2d at p. 211].) After the defendant pled guilty to possession of a firearm, the government introduced evidence of his prior burglary conviction from Massachusetts for the purpose of enhancing his sentence under the ACCA. (*Shepard, supra,* at p. 15 [161 L.Ed.2d at p. 211].) The Massachusetts burglary statute included in the definition of burglary the unlawful entry into a boat or car. (*Id.* at p. 17 [161 L.Ed.2d at p. 212].) However, in *Taylor v. United States* (1990) 495 U.S. 575 [109 L.Ed.2d 607, 110 S.Ct. 2143], the Supreme Court held that only "generic burglary"—that is, an "unlawful or unprivileged entry into, or remaining in, a building or [other] structure, with intent to commit a crime"—qualified as a "violent felony" under the ACCA. (*Taylor, supra,* at pp. 599, 602 [109 L.Ed.2d at pp. 627, 629].) The government in *Shepard* argued that the trial court could look beyond the facts alleged in the charging document or admitted by the defendant for the purpose of establishing that the circumstances of the defendant's prior conviction would have supported a conviction under a "generic burglary" statute. (*Shepard, supra,* 544 U.S. at p. 15 [161 L.Ed.2d at p. 211].) The Supreme Court disagreed, holding that the trial court was "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." (*Id.* at p. 26 [161 L.Ed.2d at p. 218].)

Based upon this holding, Justice Thomas, in a concurring opinion, stated that "in an appropriate case, this Court should consider *Almendarez-Torres'*[2] continuing viability." (*Shepard, supra,* 544 U.S. at p. 28 [161 L.Ed.2d at p. 219] (conc. opn. of Thomas, J.).)

■ Using Justice Thomas's concurring opinion as support for his position, defendant argues "the continuing viability of the *Almendarez-Torres*

---

[2] *Almendarez-Torres v. United States* (1998) 523 U.S. 224 [140 L.Ed.2d 350, 118 S.Ct. 1219] (*Almendarez-Torres*).

'fact of a prior conviction' exception is highly suspect at this point." However, the *Almendarez-Torres* holding that a prior conviction is a matter for a judge to determine at sentencing rather than a factual issue for the jury was specifically reaffirmed in *United States v. Booker* (2005) 543 U.S. 220, 244 [160 L.Ed.2d 621, 650, 125 S.Ct. 738].)

■ Moreover, the Sixth Amendment's right to a jury trial as discussed in *Shepard* applies only to "any disputed fact *essential to increase the ceiling of a potential sentence." (Shepard, supra*, 544 U.S. at p. 25 [161 L.Ed.2d at p. 217], italics added.) *Black* specifically found the ceiling of a potential sentence in California to be the upper term, and not the middle term, for purposes of Sixth Amendment analysis. (*Black, supra*, 35 Cal.4th at p. 1257.)

Defendant's contention is not meritorious.

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment as stated in the opinion and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections.

Davis, J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 30, 2005.

---

*See footnote, *ante*, page 1188.